USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/27/2021_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                Plaintiff,

-against-

FERNANDO PABLO VILLARREAL CANTU, et al.,

                Defendants.

13 Civ. 8803 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, the United States of America, moves to voluntarily dismiss the complaint as to Defendant Granos Rolados, S.A. de C.V. ("Granos Rolados") without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Pl. Mem., ECF No. 59. Granos Rolados, the sole remaining defendant in this action, opposes dismissal, and moves for an order requiring Plaintiff to respond to Granos Rolados' discovery requests and permitting it to respond to Plaintiff's substantive allegations and arguments. Granos Rolados Mem., ECF No. 60. For the reasons stated below, Plaintiff's motion is GRANTED and Granos Rolados' motion is DENIED.

## BACKGROUND

    On December 11, 2013, Plaintiff initiated this action, seeking recovery on amounts due on promissory notes issued by a federally chartered corporation within the Department of Agriculture pursuant to the Supplier Credit Guarantee Program of the Agricultural Trade Act of 1978, against Defendants, a group of importers, exporters, and individual guarantors related to or controlled by Defendant Fernando Pablo Villarreal Cantu, and lender banks. ECF No. 1 ¶¶ 1, 3, 9–22. Beginning in April 2014, Plaintiff requested and was granted a series of extensions of time to serve the complaint, because Villarreal, who allegedly fled the United States to avoid a related criminal

prosecution in the Southern District of Texas, was challenging extradition from Mexico. ECF Nos. 4–25, 27–40, 48–49.

Defendant Granos Rolados appeared in this action in December 2020, and answered the complaint on December 11, 2020. ECF Nos. 44, 46. On January 12, 2021, Plaintiff and Granos Rolados appeared for a conference before the Honorable Kevin N. Fox, who set a case management schedule. ECF No. 51; 1/12/2021 Docket Entry. On March 15, 2021, following notice that Villarreal continued to resist extradition, and no other defendant would be appearing through Granos Rolados' counsel, Pl. Mem. at 2, Plaintiff voluntarily dismissed all defendants other than Granos Rolados. ECF No. 56. That same day, Granos Rolados served interrogatories and document requests on Plaintiff. Granos Rolados Mem. ¶ 5. On March 26, 2021, Granos Rolados moved for summary judgment, which the Court denied without prejudice to renewal for failure to comply with the Court's individual practices. ECF Nos. 57–58. Granos Rolados then served a Rule 56.1 Statement on Plaintiff. Granos Rolados Mem. ¶ 6.

On April 19, 2021, Plaintiff moved for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Pl. Mem.

## DISCUSSION

I. Legal Standard

Federal Rule of Civil Procedure 41(a)(2) provides that, once a defendant has answered, absent the defendant's consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Voluntary dismissal without prejudice is "not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). However, "the presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *SEC v. Compania Internacional Financiera S.A.*, No. 11 Civ. 4904, 2012 WL 1856491, at *2 (S.D.N.Y. May

22, 2012) (internal quotation marks and citation omitted).  Ultimately, a dismissal pursuant to Rule 41(a)(2) is left to the sound discretion of the district court.  *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996).

In *Zagano v. Fordham University*, the Second Circuit identified five factors relevant to considering whether a motion for voluntary dismissal without prejudice should be granted: (1) "the plaintiff's diligence in bringing the motion", (2) any "undue vexatiousness" on the plaintiff's part, (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial", (4) "the duplicative expense of relitigation", and (5) "the adequacy of the plaintiff's explanation for the need to dismiss."  900 F.2d at 14.  The Court addresses each factor in turn.

II.     Analysis

First, although this case is over seven years old, Plaintiff states that it brought this motion to dismiss promptly after receiving Granos Rolados' answer and prior to commencing discovery. Although five months had passed after the answer before Plaintiff moved, ECF Nos. 46, 59, and Plaintiff consented to a discovery schedule in a conference before Judge Fox, ECF No. 51; 1/12/2021 Docket Entry, Plaintiff did not confirm until after the conference that the other defendants would not be appearing by Granos Rolados' counsel, the event which prompted Plaintiff's dismissal of them and this motion.  Pl. Mem. at 2; *see Ascentive, LLC v. Op. Corp.*, No. 10 Civ. 4433, 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012) ("A better measure of diligence is whether a plaintiff moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action.").  Moreover, Granos Rolados does not claim it was prejudiced as a result of the time which elapsed between its service of the answer and Plaintiff's motion to dismiss.  *See* Granos Rolados Mem.  Therefore, this factor weighs in favor of

3

dismissal.  *See Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc*., No. 01 Civ. 9649, 2006 WL 3456521, at *4 (S.D.N.Y. Nov. 30, 2006).

Second, there is no indication that Plaintiff has acted with undue vexatiousness.  *See Compania Internacional Financiera S.A.*, 2012 WL 1856491, at *6 ("Courts define 'undue vexatiousness' to mean that the plaintiff acted with ill-motive in bringing or maintaining its claims." (internal quotation marks and citation omitted)).

Third, "[t]he standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred."  *Paulino v. Taylor*, 320 F.R.D. 107, 111 (S.D.N.Y. 2017) (quoting *Am. Fed'n of State, Cty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc*., No. 12 Civ. 2237, 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013)).  Here, despite the age of this action, Granos Rolados has merely submitted interrogatories and requests and sent Plaintiff a draft Rule 56.1 Statement.  Granos Rolados Mem. ¶¶ 5–6.  Granos Rolados asserts that in the course of the litigation, it has "incurred expenses," but does not specify their extent.  *Id.* ¶ 8.  Therefore, this suit has not reached a "prejudicial point."  *Paulino*, 320 F.R.D. at 111; *see also Fareportal Inc. v. Travana, Inc*., No. 16 Civ. 09882, 2019 WL 4141878, at *2 (S.D.N.Y. Aug. 30, 2019) (holding this factor weighed for dismissal where the case "remains in discovery. There are no pending pre-trial motions and the parties are not preparing for trial.").

Fourth, similarly, the fruits of any expenses Granos Rolados incurred in gathering facts and drafting discovery requests and a Rule 56.1 Statement will remain valuable if Granos Rolados is required to relitigate the case.  *See Stinson v. City Univ. of New York*, No. 18 Civ. 5963, 2020 WL 2133368, at *5 (S.D.N.Y. May 4, 2020).

Fifth, Plaintiff states it is seeking dismissal because it "elected to conserve its resources rather than litigate further."  Pl. Mem. at 2.  Such economic reasoning is "perfectly reasonable."  *Ascentive,*

*LLC*, 2012 WL 1569573, at *6 (collecting cases). Moreover, although Granos Rolados notes it sent Plaintiff a Rule 56.1 Statement, it does not suggest that Plaintiff is moving to dismiss to avoid a dispositive motion. *See* Granos Rolados Mem.; *RQ Innovations, Inc. v. Carson Optical, Inc.*, No. 19 Civ. 3886, 2021 WL 1075185, at *6 (E.D.N.Y. Feb. 4, 2021), *report and recommendation adopted*, No. 19 Civ. 3886, 2021 WL 1062419 (E.D.N.Y. Mar. 18, 2021).

Finally, Granos Rolados will not suffer other cognizable prejudice. It asserts that a dismissal without prejudice would be unjust, because this suit has caused it reputational harm, and dismissing would "leav[e] the impression that Plaintiff had the right to file its collection action," and would "le[ave] unchallenged" certain "misstatement of facts and . . . allegations" in Plaintiff's memorandum requesting dismissal. Granos Rolados Mem. ¶¶ 8–9. However, courts in this district do not recognize reputational harm as a form of legal prejudice weighing against dismissal. *See SEC v. One or More Unknown Purchasers of Sec. of Telvent GIT, SA*, No. 11 Civ. 3794, 2013 WL 1683665, at *2 (S.D.N.Y. Apr. 17, 2013) ("[T]here is no reason to think . . . that dismissal without prejudice will substantially harm their reputation further. If anything, it seems more likely that dismissal without prejudice would at least partially return defendants to the *status quo ante*. Therefore, this sort of reputational harm is not sufficient to show substantial prejudice." (internal quotation marks and citation omitted)); *Fareportal Inc.*, 2019 WL 4141878, at *3 ("[S]ince [defendant] claims prospective employers perceive these allegations as a scarlet letter, dismissing them should benefit him to some degree."). Similarly, a defendant's desire to dispute allegations against it in court does not overcome the presumption favoring dismissal. *Banco Cent. De Paraguay*, 2006 WL 3456521, at *3–4 (concluding that defendant's claim that dismissal would prevent it from uncovering the false allegations against it was not "legal prejudice" under Rule 41(a)(2)).

Accordingly, Plaintiff's motion to dismiss is GRANTED. Because the *Zagano* factors weigh in favor of dismissal, Granos Rolados' requests for further briefing and discovery orders are DENIED.

## CONCLUSION

For the reasons stated above, Plaintiff's motion is GRANTED, and the complaint is DISMISSED without prejudice against Granos Rolados. Granos Rolados' motion is DENIED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 27, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge